## (May 12, 1980)

■ GEORGE ABBOTT et al., Respondents, and CHARLES FITZ-RANDOLPH et al., Respondents-Appellants, v COUNTY OF WESTCHESTER et al., Appellants-Respondents.—In an action for declaratory and injunctive relief, defendants appeal from so much of a judgment of the Supreme Court, Westchester County, dated August 29, 1979, as denied their motion for summary judgment against plaintiffs Abbott, Burton and De Marr, Jr., and dismissed their affirmative defense that a collective bargaining agreement was a bar to this action. Plaintiffs Fitz-Randolph, French, Haganauer and McCabe cross-appeal from so much of the judgment as granted defendants' motion for summary judgment against them. Judgment reversed, on the law, without costs or disbursements, and summary judgment is granted in defendants' favor on the ground of plaintiffs' failure to exhaust administrative remedies. The collective bargaining agreement governing the parties to the instant

dispute provided that the County of Westchester had the right to reclassify or reallocate any job title and further provided that the county could, at its own instance, institute a study to determine whether a job position was properly classified and/or allocated. In the event that the study resulted in a decision with which the employee did not agree, the agreement provided for a procedure to appeal the decision to the Classification and Compensation Appeals Board. This procedure was not followed by the plaintiffs. Since plaintiffs have clearly failed to exhaust their administrative remedies summary judgment should have been granted to the defendants on that ground. Moreover, if the plaintiffs had exhausted their administrative remedies and we were to decide the case on the merits, we would hold that summary judgment should be granted against all the plaintiffs since no questions of fact exist which require a trial. It is clear that the "transferred plaintiffs" were serving in the position of Probation Assistant II in a provisional capacity and that they were required to take an examination in order to attain permanent status in such capacity. The law is well settled that a provisional appointment does not become a permanent appointment by the mere passage of time or merely because the provisional appointee performed the duties of the position to which he sought permanent appointment (*Matter of McNamara v McCoy*, 36 AD2d 787). The "nontransferred plaintiffs", who were classified as Support Investigators, but performed the same duties as the "transferred plaintiffs" also would not be entitled to permanent appointment as Probation Assistant II's without first taking the requisite examination. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.